UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:22-cr-00058-HAB-SLC |
| | ) | |
| LUCIAN D. BOBOIA | ) | |

**FINDINGS AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY**

TO:   THE HONORABLE HOLLY A. BRADY, DISTRICT JUDGE,
      UNITED STATES DISTRICT COURT

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Susan Collins, on October 31, 2022, with the written consents of the Defendant, counsel for the Defendant, and counsel for the United States of America. The Defendant waived in open Court prosecution by indictment and consented that the proceedings may be by information rather than by indictment.

For the proceeding, Defendant, counsel for Defendant, counsel for the United States of America, and the Magistrate Judge al appeared by video teleconference. Defendant consented to appearing by video teleconference, and both he and his lawyer stated that they had discussed the matter. Defendant's image and voice were clear, and I confirmed that he could see and hear me and counsel clearly.

I proceeded without Defendant physically present before me because, during the national emergency created by the novel coronavirus (COVID-19) pandemic, Defendant could not be physically present before me without seriously jeopardizing public health and safety. *See* General Order No. 2020-08 (implementing Coronavirus Aid, Relief, and Economic Security Act, Pub. L.

No. 116-136 ("CARES Act"), and March 29, 2020, action by Judicial Conference authorizing video teleconferencing or teleconferencing under certain circumstances); General Order 2022-17A (extending the authorization for use of video teleconferencing or teleconferencing for the instances described in General Order 2020-08).

I did not further postpone the plea because Defendant's lawyer contended, and I FIND, that further delay of the plea would cause serious harm to the interests of justice. Specifically, I FIND that the plea in this case cannot be further delayed without serious harm to the interests of justice because:

(1) delaying the proceedings further to accommodate an in-person plea hearing is impracticable given that there is no ascertainable end to the current National Emergency stemming from the COVID-19 virus, and the interests of justice will be seriously harmed by prolonged, indefinite delays of the plea hearing in light of Defendant's desire to plead guilty; and

(2) proceeding with the plea hearing by video teleconference at this time reduces the potential that any necessary participant in the hearing—including, specifically, Defendant, Defendant's counsel, the Assistant United States Attorney, and/or any relevant case agent(s) with personal knowledge.

The hearing on Defendant's plea of guilty was in full compliance with Rule 11, Federal Rules of Criminal Procedure, as supplemented by, and in accordance with, Section 15002 of the CARES Act and General Orders 2020-08 and 2022-17A.

In consideration of that hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, the remarks of the Assistant United States Attorney and of counsel for Defendant,

2

I FIND as follows:

(1) that Defendant understands the nature of the charge against him to which the plea is offered;

(2) that the Defendant's waiver of indictment is knowing and voluntary;

(3) that the Defendant understands his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;

(4) that the Defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and Defendant understands that the sentencing guidelines apply and that the Court may depart from those guidelines under some circumstances;

(5) that the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(6) that Defendant is competent to plead guilty;

(7) that the Defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(8) that there is a factual basis for the Defendant's plea; and further,

I RECOMMEND that the Court accept both the Defendant's waiver of indictment and plea of guilty and that the Defendant be adjudged guilty of the offense charged in the Information and have sentence imposed. A Presentence Report has been ordered. Should this Report and Recommendation be accepted and the Defendant adjudged guilty, sentencing will be scheduled before District Judge Holly A. Brady by separate order and notice. Objections to the Findings and

Recommendation are waived unless filed and served within fourteen (14) days. 28 U.S.C. § 636(b)(1)(B).

DATED this 31st day of October 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge